UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOPHUS REED, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 21-1029 |
| ) | |
| UNKNOWN MAILROOM ) | |
| SUPERVISOR and SUBORDINATES, ) | |
|    Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has filed a lawsuit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) claiming his constitutional rights were violated at the Federal Correctional Institution in Pekin, Illinois (FCI Pekin).[1] Plaintiff says he faced a

---

[1] The Court notes Plaintiff's complaint does not state what specific relief he is seeking, but instead asks for the relief the Court "deems just, fair and equitable." (Comp, p. 4). Plaintiff is reminded since he has filed a lawsuit pursuit to *Bivens*, he may seek monetary damages and/or injunctive relief, but he may not seek his release from custody. *See i.e. Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005)

deadline to file a "Writ of Certiorari." (Comp., p. 2). However, Plaintiff faced delays in receiving legal and regular mail, and he could not obtain an *in forma pauperis* form or a writ of certiorari form despite his numerous requests from July 2020 to the end of October of 2020.

Plaintiff was moved to the Special Housing Unit in November of 2020 after he tested positive for COVID-19. Plaintiff says he is still in the housing unit even though there is no security or other reason for this placement.

Plaintiff's complaint also states "the instant writer also prepared a compassionate release motion for Mr. Reed well after mailing Mr. Reed's Writ of Certiorari off to him at FCI Pekin. Mr. Reed received the compassionate release motion but has not received his Writ of Certiorari petition." (Comp., p. 3). The complaint is signed by the Plaintiff. It is not unusual for another inmate or other source to assist an inmate in drafting a complaint, but this statement also makes it difficult to decipher Plaintiff's claim.

Prisoners retain their First Amendment rights to send and receive mail, but prison officials may screen mail for possible contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Legal mail "is entitled to greater protections because of the potential for interference with (an inmate's) right of access to the courts." *Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005).

First, it is not clear Plaintiff's claim involves legal mail which is mail between an attorney and his or her client. *See Kaufman*, 419 F.3d at 685-86. Even if another inmate or

individual was assisting Plaintiff with a legal matter, this correspondence would not be considered legal mail unless the individual was a licensed attorney.

Second, while Plaintiff generally complains about delays in receiving mail, he has described only one, specific example of mail interference. "[O]nly ongoing interference with legal mail violates a prisoner's rights." *Kaufmann v. Werlich*, 2020 WL 2735561, at *2 (S.D.Ill. May 26, 2020), *citing Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999).

Third, if Plaintiff is instead claiming a denial of access to the courts, he must allege: "(1) prison officials failed to help him prepare and file meaningful legal papers, and (2) he lost a valid legal claim or defense because of the challenged conduct." *Cox v. Inch*, 2018 WL 1336091, at *6 (S.D.Ill. March 15, 2018), *citing Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir.2006). Plaintiff has not alleged an "actual injury" resulting from interference with a "nonfrivolous legal claim." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009), *quoting Lewis v. Casey*, 518 U.S. 343, 355 (1996).

Plaintiff must provide more information than a general statement that he wished to pursue a writ of certiorari. What claim was Plaintiff pursing? Did he suffer an actual injury? The Court also notes "mere delay without more does not establish actual injury." *Beese v. Todd*, 35 Fed.Appx. 241, 244 (7th Cir. 2002).

In addition, Plaintiff must clarify his allegations. Is Plaintiff alleging prison staff failed to provide him the appropriate forms? If so, who failed to provide him with the form? Is Plaintiff alleging someone helped him fill out a proposed writ of certiorari,

3

mailed it to the Plaintiff, but he never received it?   When was the document mailed to Plaintiff?  Plaintiff must provide a relevant time frame to both put Defendants on notice of the claims against them, and to assist in identifying the correct Defendants.

Finally, if Plaintiff was attempting to state a claim based on his continued stay in the Special Housing Unit, he has not provided enough information to articulate a violation of his constitutional rights.

For the reasons stated, Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915A.  The Court will allow Plaintiff one opportunity to file an amended complaint to clarify his claims and Defendants.   The amended complaint must stand complete on its own and must not refer to any previous filing.  Plaintiff must also provide the information indicated in this order.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915A.

2) Plaintiff may file an amended complaint within 21 days or on or before May 17, 2021.  If Plaintiff fails to file an amended complaint on or before May 17, 2021 or ignores the Court's directions, his case will be dismissed.

3) The Clerk of the Court is directed to provide Plaintiff with a new complaint form for assistance and reset the internal merit review deadline within 30 days.

4) Plaintiff is reminded he must IMMEDIATELY notify the Court in writing of any change in his mailing address or phone number. Failure to provide this information could result in the dismissal of this lawsuit with prejudice.

ENTERED this 26th day of April, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE